UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENNIS CROWLEY, JIM MOORE, BRANDON MARTYNOWICZ, DAVID COHEN, ARMANDO LLUCH, JERICHO GREEN, STEPHEN HUTTON, ALLESANDRO BRIGLIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 11-05528 SBA<br><br>**ORDER**<br><br>Docket 11 |

Plaintiffs,[1] individually and on behalf of all others similarly situated, bring the instant action against Defendants to recover unpaid wages and other benefits under state and federal law. The parties are presently before the Court on the individual Defendants'[2] Motion to Quash Service and Dismiss Complaint under Rule 4(m) of the Federal Rules of Civil Procedure. Dkt. 11. Plaintiffs oppose the motion. Dkt. 13. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the individual Defendants' motion, for the reasons stated below.

---

[1] The named Plaintiffs are: Dennis Crowley, Jim Moore, Brandon Martynowicz, David Cohen Armando Lluch, Jericho Green, Stephen Hutton, and Allesandro Briglia (collectively, "Plaintiffs").

[2] The individual Defendants are: Julian Eggebrecht ("Eggebrecht"), Holger Schmidt ("Schmidt"), and Thomas Engel ("Engel") (collectively, "individual Defendants").

The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.     DISCUSSION[3]

It is undisputed that Plaintiffs are former employees of Factor 5, Inc., that the events giving rise to the instant action occurred in November and December 2008, that Plaintiffs commenced this action approximately three years later on November 15, 2011, that Defendants Schmidt and Engel were served approximately two years later in November 2013, and that Defendants Eggebrecht, Factor 5, Inc., and Factor 5, LLC have yet to be served. Further, it is undisputed that this case involves the same defendants and claims (i.e., state wage and hour claims and Fair Labor Standards Act ("FLSA") claims) as the related action Helton, et al. v. Factor 5, Inc., et al., C 10-4927 SBA ("Helton action"), and that Plaintiffs' counsel represents the plaintiffs in the Helton action. Finally, it is undisputed that Plaintiffs commenced the instant action, at least in part, to avoid the running of the statute of limitations with respect to their claims under the FLSA,[4] which would have been time-barred absent the filing of this action or the filing of consent to join forms in the related Helton action by December 19, 2011.[5]

The Rule 4(m) period for service of process in this case expired on March 13, 2012. To date, the only Defendant to appear in this action is WhiteHarvest, LLC, which filed an

---

[3] The parties are familiar with the facts and procedural history of this case as well as the facts and procedural history of the related Helton action. As such, the Court will only recite the background information relevant to the resolution of the instant motion.

[4] The statute of limitations for an FLSA violation claim is two years; however, if the violation is willful the statute of limitations is extended to three years. See 29 U.S.C. § 255(a).

[5] On October 26, 2011, the plaintiffs in the Helton action filed a motion for conditional certification of their FLSA claims. Dkt. 34. However, because the motion was not scheduled to be heard prior to the expiration of the FLSA's three-year statute of limitations in December 2011, Plaintiffs filed the instant action to ensure that their FLSA claims would not be time-barred. On November 28, 2011, the Court issued an order in the Helton action granting the plaintiffs request to toll the statute of limitations for opt-in claimants wishing to join the collective action on account of procedural delay. Dkt. 52. The Court tolled the FLSA statute of limitations until the Court rendered a decision on the motion for conditional FLSA certification. Id. On June 26, 2012, the Court granted conditional certification of an FLSA collection action in the Helton action.

answer to the first amended complaint on March 2, 2012.[6] Prior to filing a response to the instant motion, Plaintiffs had not filed any document in this case since the first amended complaint was filed on November 30, 2011. A review of the record reveals that Plaintiffs have made no effort to prosecute this action since November 30, 2011.

### A. Dismissal Under Rule 4(m)

#### 1. Legal Standard

Rule 4(m) states in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Rule 4(m)'s deadline for service is designed to force parties and their attorneys to be diligent in prosecuting their claims. Fimbres v. United States, 833 F.2d 138, 139 (9th Cir. 1987) (citing Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir. 1985)).

When considering whether to dismiss a case for untimely service, "courts must determine whether good cause for the delay has been shown on a case by case basis." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). "At a minimum, 'good cause' means excusable neglect." Id. "[G]ood cause generally means 'that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control.' " Chemehuevi Indian Tribe v. Wilson, 181 F.R.D. 438, 440 (N.D. Cal. 1998); Wei, 763 F.2d at 372. Evasion of service can also constitute good cause. Wei, 763 F.2d at 371.

The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992), overruled on other grounds by Saucier v.

---

[6] It is undisputed that BluHarvest, LLC changed its name to WhiteHarvest, LLC in February 2009, and that BluHarvest, LLC and WhiteHarvest, LLC are the same entity.

Katz, 533 U.S. 194 (2001).  The burden of showing good cause is on the Plaintiff.  Wei, 763 F.2d at 372.

If good cause is not established, the court may extend the time for service in its discretion.  Efaw v. Williams, 473 F.3d 1038, 1040-1041 (9th Cir. 2007).  A court may retroactively grant such an extension after the 120-day period has expired.  Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).  "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."  Efaw, 473 F.3d at 1041 (internal quotation marks and citation omitted).  "District courts have broad discretion to extend time for service under Rule 4(m)."  Id.

### 2.   Analysis

#### a.   Good Cause to Extend the Time for Service

Plaintiffs contend that "good cause" exists for their delay in service because the Court "effectively stayed this case in February 2012" by failing to schedule a case management conference after issuing an order denying the individual Defendants' motion for partial summary judgment in the related *Helton* action.  According to Plaintiffs, the Court's failure to schedule a case management conference "implicitly stay[ed] this case pending the outcome of the *Helton* litigation."  The Court rejects this argument.

The Court finds that Plaintiffs have not shown good cause for their failure to timely serve the individual Defendants.  The 120-day period to effect service expired on March 13, 2012.  Plaintiffs have not offered a reasonable explanation for why they have yet to serve Eggebrecht or why they waited approximately two years from filing the complaint to serve Schmidt and Holger,[7] including why they waited roughly five months (i.e., more than 120 days) to serve Schmidt and Holger after being advised by defense counsel in June 2013 that

---

[7] Plaintiffs served Schmidt and Holger more than 600 days after the 120-day period to effect service under Rule 4(m) expired.

the individual Defendants had not been served.[8]  Further, Plaintiffs have not shown that they made any good faith effort whatsoever to properly serve the individual Defendants within 120 days of filing the complaint.  Plaintiffs do not contend that they attempted to serve any of the individual Defendants prior to November 2013, were confused about the requirements of service of process, were prevented from timely serving the individual Defendants by factors beyond their control, or that any of the individual Defendants attempted to evade service.[9]  Nor did the Plaintiffs promptly move to request an extension of the Rule 4(m) deadline or diligently attempt to effect service after being advised by defense counsel in June 2013 that they had not served the individual Defendants.  Instead, Plaintiffs waited until the instant motion was filed to request an extension of the time to effect service.  The Court finds such conduct unreasonable.

Finally, contrary to Plaintiffs' contention, the Court did not "implicitly" stay the instant action by failing to schedule a case management conference following the denial of the individual Defendants' motion for partial summary judgment in the related Helton action.  There is nothing in the record suggesting that this action was stayed pending resolution of the Helton action.  Plaintiffs' attempt to insulate themselves from responsibility for their lack of diligence in complying with Rule 4(m) is completely unavailing.  Plaintiffs are responsible for diligently prosecuting their case, including taking reasonable steps to ensure that service is timely effectuated in compliance with Rule 4(m).  See Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976); Putname v. Morris, 833 F.2d 903, 905 (10th Cir. 1987) ("[I]t is trial counsel's responsibility to . . . take reasonable steps to assure that a defendant is timely served.").  Plaintiffs' inadvertence, neglect, or mistaken belief that this case was implicitly stayed pending the outcome of the Helton

---

[8] In June 2013, a Joint Case Management Conference Statement was filed in the related Helton action.  In that statement, defense counsel for the individual Defendants asserted that because the individual Defendants "were never served in the *Crowley* action, . . . that action is not even in issue." Leader-Picone Decl. ¶ 8, Exh. G.

[9] Indeed, the evidence in record shows that defense counsel offered to accept service of process on behalf of the individual Defendants in November 2011. Leader-Picone Decl., Exh. A.

action, does not constitute good cause to justify relief from their failure to timely serve the individual Defendants.  Accordingly, the Court finds that good cause does not exist to extend the period to effectuate service under Rule 4(m).

### b. Discretionary Extension of the Time for Service

Absent a showing of good cause for failing to comply with the 120-day deadline under Rule 4(m), the Court nevertheless has the discretion to grant Plaintiffs an extension of time to serve the individual Defendants.  The factors that may be considered in deciding whether to grant such relief are:  (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the individual Defendants had actual notice of the claims asserted in the complaint; (3) whether the individual Defendants would be prejudiced by the extending the deadlines to effect service; and (4) whether the individual Defendants were eventually served.  Efaw, 473 F.3d at 1041.  The Court may also consider whether any of the individual Defendants evaded service or concealed a defect in attempted service.  Fed.R.Civ.P. 4, Adv. Comm. Note, 1993 Amendments.

Here, Plaintiffs contend that an extension of the deadline to effect service is warranted because:  (1) the individual Defendants have had actual notice of this lawsuit since November 2011; (2) the individual Defendants cannot point to any prejudice from the delay in service; and (3) dismissal of the individual Defendants "creates potential statute of limitations issues."  The Court disagrees.

Having considered the above-referenced factors, the Court finds that the circumstances of this case militate against granting Plaintiffs an extension of time to serve the individual Defendants.  Plaintiffs, who have been represented by counsel since the commencement of this action in November 2011,[10] have not proffered any evidence demonstrating that any individual Defendant has had actual notice of this lawsuit since

---

[10] As noted above, Plaintiffs' counsel also represents the named plaintiffs in the related Helton action.

November 2011[11] or received notice of the action within 120 days of the filing of the original complaint, or that any individual Defendant evaded service or concealed a defect in attempted service.  Nor have Plaintiffs shown that they will suffer prejudice if the individual Defendants are dismissed.  Plaintiffs have not provided any authority or legal analysis demonstrating that any of the claims alleged in the complaint would be time-barred if the individual Defendants were dismissed and this action is refiled.  Instead, without elaboration, Plaintiffs simply assert that "dismissing the individual Defendants creates potential statute of limitations issues that would not exist by extending the deadline for service."  This showing is wholly adequate to demonstrate that the applicable statutes of limitations would bar a refiled action.  It is not the role of the Court to make the parties' arguments for them.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

       The above notwithstanding, even assuming that some of Plaintiffs' claims would be time-barred if this action were dismissed and refiled, the Court finds that such circumstances do not warrant an extension of time to effect service in light of Plaintiffs' extraordinary delay in effecting service, the prejudice to the individual Defendants from the delay, and the absence of any good cause justifying the delay in effecting service.[12]  Extending the service period in this case would impose a prejudice on the individual Defendants, particularly since both the service period and the three-year statute of

---

[11] To the extent Plaintiffs contend that the individual Defendants had actual notice of this lawsuit simply because their attorney received notice of the filing of the complaint, the Court is not persuaded by this argument.  Plaintiffs cite no authority supporting such a proposition.

[12] "[T]he running of the statute of limitations does not require that a district court extend the time for service of process under [Rule 4(m)]."  Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1133 (11th Cir. 2005).  By commencing the instant action shortly before the running of the three-year statute of limitations, Plaintiffs assumed the risk that the dismissal of their claims under Rule 4(m) would effectively bar them from refiling their claims.  See Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996) (warning that "[a]n attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal").

limitations expired long ago and the events giving rise to this action occurred over five years ago. See Moore v. Teflon Communications Corp., 589 F.2d 959, 967-968 (9th Cir. 1978) (prejudice may be presumed from unreasonable delay); Zapata v. City of New York, 502 F.3d 192, 198 (2d Cir. 2007) ("It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action. . . ."). Here, Plaintiffs waited until the end of the FLSA's three-year statute of limitations to commence the instant action and then waited an additional two years to serve Schmidt and Holger. To date, Plaintiffs have not served Eggebrecht. As discussed above, Plaintiffs have not offered a reasonable explanation for their excessive delay, let alone shown good cause for their lack of diligence in effecting service. Nor have Plaintiffs shown that the individual Defendants would not be prejudiced by an extension of time to effect service. Anderson, 542 F.2d at 524 (presumption of prejudice from unreasonable delay can be rebutted by a showing that no actual prejudice occurred).

      The Court finds that to allow such a lengthy delay in service would undermine the purposes served by Rule 4(m). See Anderson, 542 F.2d at 525. "Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims." Id. Although the prejudice to the individual Defendants is lessened somewhat if they have been aware of this action since November 2011 as Plaintiffs claim, Plaintiffs' lengthy unjustified delay weighs against the exercise of discretion to extend the time for service. To grant Plaintiffs an extension of time for service would defeat Rule 4(m)'s purpose of "forc[ing] parties and their attorneys to be diligent in prosecuting their causes of action," Wei, 763 F.2d at 372, and would reward dilatory conduct.[13]

---

[13] The Court notes that Plaintiffs Dennis Crowley, Jim Moore, Brandon Martynowicz, and Allesandro Briglia will not be prejudiced by the dismissal of their FLSA claims because they have joined the FLSA collective action in the related Helton action.

### B. Remaining Defendants

As noted above, Factor 5, Inc., and Factor 5, LLC have not been served, and the only Defendant to appear in this action is WhiteHarvest, LLC. A review of the record reveals that Plaintiffs have not taken any action to prosecute this case since November 30, 2011. Accordingly, the Court orders Plaintiffs to show cause why Factor 5, Inc. and Factor 5, LLC should not be dismissed from this action under Rule 4(m) for failure to timely effect service. The Court further orders Plaintiffs to show cause why the instant action should not be dismissed in its entirety for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The individual Defendants' Motion to Quash Service and Dismiss Complaint under Rule 4(m) is GRANTED. The claims alleged in the first amended complaint against the individual Defendants' are DISMISSED without prejudice.

2. Plaintiffs shall file a memorandum, not to exceed (5) pages, showing cause as directed above no later than seven (7) days from the date this Order is filed. The Court warns Plaintiffs that the failure to timely comply with this Order will result in dismissal of this action under Rule 41(b) for failure to comply with a Court order and failure to prosecute. In lieu of filing a memorandum showing cause, Plaintiffs may move to voluntarily dismiss the instant action under Rule 41(a).

3. This Order terminates Docket 11.

IT IS SO ORDERED.

Dated: 5/5/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge